## Shea, Appellant *v.* Abbotts Dairies, Inc.

Argued September 28, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Robert Levin,* with him *Morris Hoffman,* for appellant.

*John B. Martin,* with him *Duane, Morris & Heck-scher,* for appellee.

OPINION BY STADTFELD, J., March 2, 1940:

This is an appeal from the decision of the Court of Common Pleas No. 4 of Philadelphia County, dismissing claimant's exceptions and affirming the decision of the Workmen's Compensation Board and the referee, denying claimant's petition for reinstatement of compensation.

The claimant, Jeremiah Shea, on March 8, 1932, during the course of his employment with defendant, Abbotts Dairies, Inc., sustained certain injuries to his foot when the rear axle of a wagon, which he had been driving, broke and caused the body of the wagon to turn over, pinning claimant's foot under it. On May 19, 1932, the parties entered into an open agreement, providing for compensation for total disability. On July 16, 1932, defendant filed a petition to terminate the compensation agreement; this the referee denied, but made an order providing for compensation on a forty percent partial disability basis from August 1, 1932.

On January 31, 1933, defendant again filed a petition to terminate compensation, which was granted upon Referee Just's finding that "claimant is no longer disabled as a result of the accident and can and should go back to work." The board, upon appeal, remanded the record to the referee for the purpose of taking further medical testimony. Upon rehearing, the referee found that "if claimant will wear a brace, he can do his work satisfactorily," and ordered defendant to continue the payment of compensation upon the partial disability basis until February 2, 1934, the date of the hearing, at which time all compensation was terminated; the referee also ordered defendant to supply claimant with a brace. The Compensation Board sustained the decision of the referee, and on October 25, 1934, the Court of

Common Pleas No. 2 affirmed the decision of the Board and dismissed claimant's appeal. From that decision, no appeal was taken to this court.

It therefore appears from the record, that claimant has received compensation for total disability from May 16, 1932, to August 1, 1932, under the agreement, and, under the award for partial disability from August 1, 1932 to February 2, 1934, the last payment of compensation under the award having actually been made on August 23, 1934.

On June 12, 1935, claimant's attorney mailed a petition for reinstatement of compensation to the Workmen's Compensation Bureau at Harrisburg. (At the subsequent hearing, Referee Rutter made this finding of fact upon the attorney's testimony.) The Bureau never received this petition according to its reply of December 9, 1935, to an inquiry made on December 5, 1935, by claimant's attorney. On March 12, 1936, claimant petitioned for reinstatement, alleging the mailing of the prior petition on June 12, 1935. The ground for the petition was thus stated therein: "Subsequent to the said Feb. 2, 1934 my disability *recurred* in the following manner and to the following extent: I am still totally disabled because of the condition of right leg. Claimant has tried to work with brace and could not continue to do any work."

After a hearing on April 30, 1936, Referee Rutter found (1) that claimant mailed his first petition for reinstatement on June 12, 1935, "but this petition was never received by the Bureau and, therefore, was never filed"; (2) that "inasmuch as the present petition was not filed until March 12, 1936, which was more than one year following the date of the last payment of compensation, said petition has not been filed within the statutory period provided by the Workmen's Compensation Board"; and (3) that "The claimant here has neither alleged an increase or recurrence of this dis-

ability in his petition, nor has he proven an increase or a recurrence of his disability. Therefore, the disability of which he presently complains is the same disability of which he complained in the last hearing held before Referee Just," and since claimant took no appeal from the decision of the Court of Common Pleas of Philadelphia County of October 25, 1934, "the question of his present complaints, and any disability following therefrom is 'res judicata'." These findings were embodied in the referee's opinion of May 25, 1936, and upon a rehearing, adopted by him in an opinion of August 10, 1938.

The Workmen's Compensation Board, affirming the referee's findings of fact and conclusions of law, stated in its opinion, "Had the claimant moved promptly, in light of the peculiar circumstances here present, the limitations contained in the second paragraph of Section 413 of the Workmen's Compensation Act of 1915, as amended, might not have been applicable, but we are of the opinion that the referee was justified in holding that the claimant's laches were such as to extinguish his right to plead the peculiar circumstances of his case." The Court of Common Pleas No. 4 of Philadelphia County, considering the case solely on its merits, dismissed claimant's exceptions and affirmed the decision of the board and the referee; the court refused "to discuss whether claimant failed to file his petition for reinstatement within one year as required by the second paragraph of section 413 of the Act, and also whether he is barred by laches." These questions, however, have been raised again in this appeal.

We are fully in accord with the lower court in holding that the questions raised between the parties upon defendant's petition to terminate compensation were conclusively determined by the order of the Court of Common Pleas No. 2, on October 25, 1934, from which no appeal was taken.

110

Section 413 of the Act provides that, except in the case of eye injuries, a petition for reinstatement is to be filed with the board within one year after the date of the last [1] payment of compensation.

The record indicates that on February 20, 1934, the referee had made an order to the effect that claimant was entitled to compensation until February 2, 1934, but not thereafter. The board sustained the referee and finally, on October 25, 1934, the Court of Common Pleas No. 2 dismissed claimant's appeal. The last payment of compensation to claimant was actually made on August 23, 1934. After hearing upon claimant's petition for reinstatement, the referee found as a fact that claimant's counsel had, on June 12, 1935, mailed claimant's petition to the Workmen's Compensation Bureau at Harrisburg. The Bureau never received this petition and so stated in its reply of December 9, 1935 to an inquiry made on December 5, 1935, by claimant's attorney. When notified by the Bureau that claimant's petition had not been received, claimant's attorney did nothing until March 12, 1936, when he mailed the duplicate petition for reinstatement of compensation.

It will readily be noted that the first petition was mailed two months and eleven days before the expiration of the one year period beginning on August 23, 1934 when the last payment of compensation was actually made. The duplicate petition was not mailed, however, until more than three months after notification had been received that no petition in behalf of claimant had arrived at the Bureau. If some action is taken within a reasonable time after learning of the default in filing, we should be reluctant to apply any harsh rule of computation of time so as to cut out meritorious claims. But where, as in the instant case, no action

---

[1] The amending Act of 1939, June 21, P. L. 520 §1 reads: " . . . . . . within one year after the date of the most recent payment of compensation made prior to the filing of such petition."

whatsoever is taken within a reasonable time, this court cannot extend the period for filing beyond the time permitted by the legislature. To extend the time limit beyond a period of two months and eleven days would be to grant an arbitrary and unreasonable extension over and above a full one year's time permitted by the Act. It is our opinion that because of the unreasonable delay in filing a duplicate petition upon learning of the first default, the claim set forth in the petition for reinstatement of compensation is barred as not having been filed within the time permitted by law.

Judgment of the court below is affirmed.